IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUCY WASHINGTON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO, )<br>Officer CARLY CERVANTEZ #8761 )<br>and Officer RENATA KLEPACKI #12848. )<br>Defendants. ) | No. 1:24-cv- 12842 |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Lucy Washington, by and through counsel, BRANDON BROWN, and complaining of the defendants, Carly Cervantez and Renata Klepacki, and the City of Chicago, states as follows:

### INTRODUCTION

This is a civil action brought under 42 U.S.C. § 1983 seeking damages against defendants to address the deprivations under color of law of the Plaintiff's rights as secured by the United States Constitution and under State Law.

### JURISDICTION AND VENUE

1. This action is brought under, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343(a); pendent jurisdiction is provided under 28 U.S.C. 1367.

1

3.  Venue is proper under 28 U.S.C. 1391(b) because, upon information and belief, all defendants reside in this district, and nearly all of the events giving rise to the claims asserted herein occurred within this district.

## PARTIES

4.  PLAINTIFF LUCY WASHINGTON is a citizen of the United States of America, and at all times relevant resided in Cook County in the State of Illinois.

5.  DEFENDANT OFFICERS CARLY CERVANTEZ#8761 and RENATA KLEPACKI #12848 ("Defendant Officers") are, at all times relevant, duly licensed Chicago Police Officers employed by Defendant City of Chicago. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6.  DEFENDANT CITY OF CHICAGO ("City") is a municipal corporation organized under the laws of the State of Illinois, and is the principal employer of the Individually-Named Defendants.

## FACTS

7.  On or about December 16, 2023, Plaintiff, Lucy Washington, was seized, searched and arrested in the City of Chicago by police officers employed by the City of Chicago.

8.  Prior to the Defendants' unlawful arrest of Lucy Washington, the Plaintiff Lucy Washington had no prior history of being arrested and of obvious consequence of her lack of criminal arrests, no prior history of ever being convicted of a crime.

9.  Immediately before she was arrested, or was caused to be arrested, by the Defendant Officers, the Plaintiff was not doing anything indicative of criminal activity.

10. Prior to the Plaintiff being seized and arrested there were no specific or articulable

2

facts in existence that would justify the Plaintiff's seizure, search, detention and arrest.

11. The Plaintiff's seizure, search and or her arrest was directly caused by the acts, omissions and deliberate indifference of Defendants, Carly Cervantez #8761 and Renata Klepacki #12848.

12. On December 16, 2023, the Plaintiff Lucy Washington, was the driver of a vehicle traveling at or about 216 W. Ontario Street, Chicago, IL.

13. Defendant Officers conducted a traffic stop of Lucy Washington and her vehicle while located at 216 W. Ontario Street.

14. At the time of the traffic stop on 216 W. Ontario Street, Lucy Washington had not been observed committing a crime or seen to be in violation of any proscriptions as explicitly prohibited under the Illinois Compiled Statutes.

15. Prior to the traffic stop and seizure, the Defendant Officers accessed Lucy Washington's personal records, specifically her Illinois Firearm Owner's Identification Card and Illinois Concealed Carry License status and information.

16. The Defendant Officers were able to access Lucy Washington's records, as the records were accessible to the Defendant Officers via Leads and the Illinois Secretary of State, when the Defendant Officers ran Lucy Washington's license plates.

17. Upon running Lucy Washington's vehicle license plates, the Defendant Officers learned that Lucy Washington had a valid FOID card and that her Illinois Concealed Carry License was expired.

18. Equipped with this information, the Defendant Officers executed an unlawful pretextual traffic stop in order to conduct a fishing expedition for firearm recovery.

19. The Defendant Officers activated their Mars lights and curbed Lucy Washington's

vehicle at 216 W. Ontario Street in Chicago, IL.

20. Lucy Washington was compliant, coherent and respectful to the Defendant Officers at all times throughout the police encounter.

21. The Defendant Officers approached Lucy Washington's vehicle at the driver and passenger side of the vehicle.

22. Immediately upon the Defendant Officers' approach, Lucy Washington provided the Defendants with her driving credentials and informed the Defendant Officers that there was a firearm located within the vehicle.

23. Lucy Washington additionally informed the Defendant Officers that her concealed carry license was expired, but that her concealed carry license renewal application was submitted and awaiting approval.

24. Under Illinois Law a concealed carry licensee is authorized to carry their firearm following the expiration of the license, when the licensee is otherwise eligible to possess the license and there has been a renewal application submitted and/or filed with the Illinois State Police.

25. Additionally, under Illinois Law, even without the submission of a renewal application, a person found to be in possession of a firearm, who is otherwise eligible, when their license is expired is guilty of a class B misdemeanor.

26. Despite being expressly aware of the Plaintiff's status, the Defendant Officers arrested the Plaintiff Lucy Washington and charged her with a class 4 felony Aggravated Unlawful Use of a Weapon.

27. The Defendants made the willful decision not to charge the Plaintiff Lucy Washington with the misdemeanor offense of having an expired license, but rather the felony

offense of Aggravated Unlawful Use of a Weapon.

28. The Defendant willfully elected this course of action, because in order to charge the Plaintiff with the misdemeanor offense, the Defendants would have to expose the glaring fact that there was no valid basis to arrest, seize and charge Lucy Washington with any crime at all because her renewal application was pending.

29. The Defendant willfully elected this course of action, because by revealing that Lucy Washington's concealed carry license was expired, and that she was lawfully in possession of the firearm, the Defendants would not be credited with the felony firearm arrest and recovery.

30. In order to cover up their misconduct and unlawful arrest, the Defendant Officers charged Lucy Washington with the felony offense of Aggravated Unlawful Use of a Weapon.

31. The Defendants additionally drafted false police reports misrepresenting Lucy Washington's concealed carry license status in order to falsely charge her with a felony offense.

32. Defendant Officer Carly Cervantez drafted an arrest report containing fabrications, omissions and misrepresentations. Specifically, that Lucy Washington committed the act of Aggravated Unlawful Use of a Weapon, a felony, and did not possess a concealed carry license.

33. At no point in any report did Defendant Carly Cervantez disclose or report that Lucy Washington's concealed carry license was expired.

34. At no point in any report did Defendant Renata Klepacki disclose or report that Lucy Washington's concealed carry license was expired.

35. Defendant Officer Carly Cervantez's arrest report was attested to under oath.

36. Defendant Officer Renata Klepacki, along with Carly Cervantez, drafted an original case incident report containing fabrications, omissions and misrepresentations.

Specifically, that Lucy Washington committed the act of Aggravated Unlawful Use of a Weapon, a felony, and did not possess a concealed carry license.

37. Defendant Officer Carly Cervantez, additionally drafted and filed a felony complaint, with the Circuit Court of Cook County.

38. Defendant Officer Carly Cervantez affixed her signature to the aforementioned felony complaint filed in Cook County, swearing under oath that the Plaintiff Lucy Washington committed the felony offense of Aggravated Unlawful Use of a Weapon.

39. The Defendant Officers completely concealed Lucy Washington's status under the concealed carry act.

40. The Defendant Officers concealed from the Cook County States Attorney's Office, Lucy Washington's status under the concealed carry act.

41. The Defendant Officers concealed from the Court presiding over the prosecution and detention, Lucy Washington's status under the concealed carry act.

42. Subsequent to the unlawful actions of the Defendant Officers, on December 16, 2023, the Plaintiff Lucy Washington was arrested and charged with Aggravated Unlawful Use of a Weapon.

43. After arresting, or causing the Plaintiff to be arrested, the Defendant Officers commenced criminal proceedings against the Plaintiff.

44. There was no probable cause or legal justification to commence criminal proceedings against the Plaintiff.

45. The Defendant Officers seized Lucy Washington's firearm.

46. Additionally, the Defendant Officers seized and towed Lucy Washington's vehicle.

47. As a result of the Defendants causing Lucy Washington's vehicle to be towed, the City of Chicago charged Lucy Washington a tow fee in excess of two thousand dollars.

48. The Plaintiff Lucy Washington was incarcerated and transported to the Cook County Jail where she was forced to endure horrific conditions and circumstances.

49. Lucy Washington's mugshot was also publicly dispersed, where her face and mugshots were displayed online and in print publications, as being a felony gun offender.

50. The misconduct of the Defendants was eventually revealed and exposed.

51. The criminal proceedings against the Plaintiff were later dismissed in a manner indicative of her innocence.

52. At the time that the Plaintiff was arrested, the Defendant Officers knew that there was no probable cause or legal justification to seize, search, arrest and/or commence criminal proceedings against the Plaintiff Lucy Washington.

53. The acts of Defendant Officers were intentional, willful and wanton.

54. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of her constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

### COUNT I: 42 U.S.C. § 1983 - False Arrest
**Against Defendant Officers**

55. Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth herein.

56. The actions of Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under the U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

57. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of her liberty and the taking of her person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, Lucy Washington, pursuant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 - Illegal Search and Seizure
### Against Defendant Officers

58. Plaintiff re-alleges paragraphs 1-54 as if fully set forth herein.

59. The actions of the Defendant Officers constituted an unreasonable and unjustifiable seizure and unjustifiable search of the Plaintiff, thus violating her rights under the Fourth and Fourteenth Amendment to the Constitution of the United States and 42. U.S.C. § 1983.

60. The search and seizure of Plaintiff was performed willfully and wantonly by Defendant Officers, as detailed above, were in violation of Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

61. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including the deprivation of her liberty and the taking of her property. In addition, the violations proximately caused Plaintiff to suffer, without limitation, pain, suffering, humiliation, emotional distress, mental anguish, exposed her to public scandal and

disgrace, and financial loss.

WHEREFORE the Plaintiff, Lucy Washington, pursuant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 42 U.S.C. § 1983 – Failure to Intervene
**Against Defendant Officers**

62. Plaintiff re-alleges paragraphs 1-54 as if fully set forth herein.

63. The actions of the Defendant Officers constituted an unreasonable and unjustifiable seizure and unjustifiable search of the Plaintiff, thus violating her rights under the Fourth Amendment to the Constitution of the United States and 42. U.S.C. § 1983.

64. The actions of Defendant Officers, causing the arrest and imprisonment of the Plaintiff without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under the U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

65. The Defendant Officer Cervantez failed to intervene when Defendant Officer Klepacki illegally and unjustifiably seized and searched Lucy Washington and her property, as alleged above, despite there being no legal basis for such action.

66. The Defendant Officer Cervantez failed to intervene when Defendant Officer Klepacki illegally and unjustifiably arrested and maliciously prosecuted Lucy Washington, as alleged above, despite there being no legal basis for such action.

67. The Defendant Officer Klepacki failed to intervene when Defendant Officer Cervantez illegally and unjustifiably seized and searched Lucy Washington and her property, as alleged above, despite there being no legal basis for such action.

68. The Defendant Officer Klepacki failed to intervene when Defendant Officer Cervantez illegally and unjustifiably arrested and maliciously prosecuted Lucy Washington, as alleged above, despite there being no legal basis for such action

69. The false arrest, search and seizure of Plaintiff was performed willfully and wantonly by Defendant Officers, as detailed above, were in violation of Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

70. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including the deprivation of her liberty and the taking of her property. In addition, the violations proximately caused Plaintiff to suffer, without limitation, pain, suffering, humiliation, emotional distress, mental anguish, exposed her to public scandal and disgrace, and financial loss.

WHEREFORE the Plaintiff, Lucy Washington, pursuant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: 42 U.S.C. § 1983 – Unlawful Pretrial Detention
### Against Defendant Officers

71. Plaintiff re-alleges paragraphs 1-54 as if fully set forth herein.

72. Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause, and they submitted reports and statements to prosecutors with the intent of instituting and continuing judicial proceedings against the Plaintiff.

73. Defendant Officers caused Plaintiff to be improperly subjected to judicial

10

proceedings for which there was no probable cause.

74. As described more fully above, Defendant Officers, while acting individually, jointly and in conspiracy with other unnamed individuals, deprived Plaintiff of her constitutional rights.

75. Defendant Officers' misconduct directly and proximately caused violations of Plaintiff's constitutional rights, loss of liberty, monetary expenses, emotional distress, and other injuries.

76. The misconduct described here was objectively unreasonable and undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

WHEREFORE the Plaintiff, Lucy Washington, pursuant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT V: 42 U.S.C. § 1983 - Conspiracy to Deprive Constitutional Rights
### Against Defendant Officers

77. Plaintiff re-alleges paragraphs 1-54 as if fully set forth herein.

78. As described more fully above, Defendant Officers reached an agreement amongst themselves to unlawfully search, seize, and falsely arrest the Plaintiff and to thereby deprive Plaintiff of her Constitutional rights, all as described more fully throughout this complaint.

79. In this manner, Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

80. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

81. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and she suffered damages, severe emotional distress and anguish, and a deprivation of her liberty, as is more fully alleged above.

82. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

83. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of her liberty. In addition, the violations proximately caused the Plaintiff mental anguish, embarrassment and humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, all to Plaintiff's damage.

WHEREFORE the Plaintiff, Lucy Washington, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### **COUNT VI: Intentional Infliction of Emotional Distress (State Law Claim)**
**Against All Defendants**

84. Plaintiff re-alleges paragraphs 1-54 as if fully set forth herein.

85. The above detailed conduct by the Defendant Officers was extreme and outrageous and in excess of the Defendant Officers' authority.

86. The Defendant Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

87. As a direct and proximate result of this conduct, the Plaintiff did suffer severe emotional distress resulting in injury to the Plaintiff's mind body and nervous system and causing physical pain, emotional suffering, loss of sleep, mental anguish, grief, fright and

...

anxiety.

WHEREFORE the Plaintiff, Lucy Washington, demands judgment against the Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VII: Malicious Prosecution (State Law Claim)
### Against All Defendants

88. Plaintiff re-alleges paragraphs 1-54 as if fully set forth herein.

89. By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on charges for which they knew there was no probable cause.

90. Defendant City of Chicago is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Officers performed the actions Complained of while on duty and/or in the employ of Defendant City of Chicago, and while acting in the scope of this employment.

91. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of her lost liberty, exposure to public scandal and disgrace, damage to her reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE the Plaintiff, Lucy Washington, demands judgment against the Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VIII: False Arrest/Imprisonment (State Claim)
### Against All Defendants

92. Plaintiff re-alleges paragraphs 1-54 as if fully set forth herein.

93. As described above, the Defendant Officers arrested and/or imprisoned the

13

Plaintiff, or caused the Plaintiff to be arrested and/or imprisoned, without a warrant, without probable cause and without legal justification. Due to the arrest, the Plaintiff had her liberty to move about restrained by the Defendant Officers.

94. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as police officers for Defendant City, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

95. Defendant City is sued herein pursuant to respondeat superior.

96. As a direct and proximate result of the acts of the Defendant Officers, employees of Defendant City, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE the Plaintiff, Lucy Washington, demands judgment against the Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IX: 745 ILCS 10/9-102 - Indemnification
### Against Defendant City of Chicago

97. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth herein.

98. Defendant City of Chicago is the employer of the Defendant Officers.

99. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment with the City of Chicago.

WHEREFORE the Plaintiff, Lucy Washington, demands that, should Defendant Officers be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant CITY OF CHICAGO be found liable for any judgment Plaintiffs obtain, as well as attorneys' fees and costs awarded.

## COUNT X – *MONELL* LIABILITY – Pattern and Practice of Unconstitutional Traffic Stops and Illegal Searches and Seizures
(Against the City)

100. Plaintiff realleges each of the foregoing paragraphs as if fully set forth herein.

101. The Chicago Police Department is a subsidiary division of Defendant City of Chicago. The City maintains and exercises exclusive control over the Department, its policies and procedures, as well as the conduct of all of its employees, including Defendants.

102. The Chicago Police Department has a policy of executing unlawful traffic stops and illegal searches and seizures on vehicles, upon conducting a Secretary of State vehicle license place check via LEADS and learning the person or citizen's FOID or Concealed Carry License status in order to conduct a search for a firearm.

103. At the time of this incident and prior thereto, there existed within the Chicago Police Department a widespread and well-documented policy and practice of covering up and turning a blind eye to officer misconduct, and failing to legitimately investigate or discipline officers who engage in misconduct, otherwise known as the Code of Silence.

104. There likewise existed a widespread policy and practice of engaging in unlawful traffic stops. The Chicago Police Department routinely target African-American drivers through pretextual traffic stops with underlying "alleged" minor traffic violations.

105. The Chicago Police Department has a policy, practice and history of making unconstitutional stops for minor traffic violations so that the Officers can intentionally escalate the traffic stop into a full unconstitutional search.

106. These widespread policies and practices are well known to, tolerated by, and/or enforced by policymakers throughout all levels of the Chicago Police Department and the City of Chicago administration, who have yet to take effective measures to address the systemic

problems related to the Department.

107. As a result of these policies and practices, the City allows officers to act with impunity in engaging in misconduct, knowing that their fellow officers, supervisors, and City officials will turn a blind eye to and cover up their actions.

108. Otherwise, well-intentioned officers who would face no discipline for simply telling the truth frequently lie to protect officers who engage in misconduct.

109. These policies and practices were the direct and proximate cause of, and the moving force behind, illegal search, seizure and the unlawful pretrial detention and the conspiracy among the Defendant Officers that led to the unlawful conduct taken against the Plaintiff.

110. The Defendant Officers engaged in this egregious misconduct knowing they would not be questioned or disciplined and that their fellow officers, supervisors, and City Officials would turn a blind eye to and cover up their actions.

111. The City's failure and refusal to legitimately address officer misconduct, demonstrates a deliberate indifference to and tacit approval of unlawful dishonest actions of members of its Police Department, including the conspiracy to deprive Lucy Washington of her Constitutional Rights, committed by the Defendant Officers.

112. As a direct and proximate result of the City's unconstitutional policies and practices, Plaintiff Lucy Washington suffered serious injuries, including mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, Lucy Washington, pursuant to 42 U.S.C. §1983 demands judgment against the Defendants, CITY OF CHICAGO for compensatory damages, punitive damages, the costs of this action and attorneys' fees, injunctive relief that will address the

Defendant's widespread policies and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                                Respectfully Submitted,
                                                **LUCY WASHINGTON**

By:    /s/ Brandon Brown
            *Plaintiff's Attorney*

THE BROWN LAW LTD.
4455 S. King Drive
Suite 100A
Chicago, Illinois 60653
T: (773) 624-8366
F: (773) 624-8365
E: bbrown@thebrownlaw.com